IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BMG MUSIC, et al., | |
| **Plaintiffs,** | |
| v. | 1:04-cv-2741-WSD |
| HEATHER BROWN, | |
| **Defendant.** | |

### **ORDER**

This is a copyright-infringement action in which Plaintiffs allege that Defendant has used, and continues to use, an online media distribution system to download certain copyrighted sound recordings to distribute the recordings to the public and/or to make the recordings available for distribution to others.  It is before the Court on Plaintiffs' Renewed Application for Entry of Default Judgment [12].

Plaintiffs filed their Complaint on September 20, 2004 [1].  Defendant was served with process on October 2, 2004 [4], but failed to file an answer or otherwise respond to the Complaint.  On January 12, 2005, Plaintiffs moved the Clerk of Court to enter default against Defendant [5].  The Clerk entered default

against Defendant on January 14, 2005.  On February 28, 2005, Plaintiffs filed their initial Application for Entry of Default Judgment [8].  Defendant did not respond to Plaintiffs' motion for entry of default or their application for default judgment.

On April 14, 2005, Plaintiffs requested that the Court stay its ruling on the application for default judgment, stating that the parties had "made significant progress in settlement negotiations" and wanted "to attempt to resolve the dispute without further involvement by the Court."  (Pls.' Mot. to Stay [9] at 1-2.)  The Court granted the motion to stay on April 22, 2005.  Plaintiffs subsequently informed the Court that they were still working towards a settlement of the case and would need more time.  By August 2005, Plaintiffs informed the Court they were having difficulty locating Defendant but would continue their attempts to find her in order to resolve this matter without further involvement by the Court.  On August 26, 2005, Plaintiffs withdrew their initial application for default judgment [10].

In November 2005, Plaintiffs informed the Court that they had located Defendant and needed additional time to work out a settlement.  These settlement negotiations apparently were unsuccessful, and on December 27, 2005, Plaintiffs filed their Renewed Application for Entry of Default Judgment.  Defendant has not

filed a response to Plaintiffs' motion for default judgment. Accordingly, the motion is deemed unopposed. See L.R. 7.1(B), N.D. Ga.

Rule 55 of the Federal Rules of Civil Procedure vests the Court with discretion to determine whether default judgment should be entered. See Fed. R. Civ. P. 55(b)(2). In exercising its discretion, the Court reviews a variety of criteria, including whether or not the Court has subject matter jurisdiction over the case and personal jurisdiction over the parties, and whether the allegations of the complaint state a cause of action. See, e.g., Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp., 115 F.3d 767, 772 (10th Cir. 1997) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties. In reviewing its personal jurisdiction, the court . . . exercises its responsibility to determine that it has the power to enter the default judgment.") (quoting Williams v. Life Sav. & Loan, 802 F.2d 1200, 1202-03 (10th Cir. 1986)); Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988) ("In considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations of the plaintiff's complaint."). A default constitutes admission of all well-pleaded factual allegations contained in the

complaint, with the exception of issues relating to damages.  <u>Greyhound Exhibit Group, Inc. v. ELUL Realty Corp.</u>, 973 F.2d 155, 158 (2d Cir. 1992).  After reviewing the Complaint and the other matters of record in this case, the Court finds it has subject matter jurisdiction over Plaintiffs' claims and personal jurisdiction over Defendant.  The Court also finds that Plaintiffs' allegations, which are deemed admitted because of Defendant's default, are legally sufficient to entitle Plaintiffs to recovery against Defendant.  Specifically, the Court finds that the well-pleaded allegations of the Complaint, along with the undisputed evidence submitted in connection with Plaintiffs' initial application for default judgment, demonstrate that Defendant has used, and continues to use, an online media distribution system to download Plaintiffs' copyrighted sound recordings to distribute the recordings to the public and/or to make the recordings available for distribution to others in violation of the copyright laws of the United States, 17 U.S.C. § 101 <u>et seq.</u>  (<u>See</u> Compl. ¶¶ 12-18; Application for Entry of Default J. [8] at Exs. A, B.)

Having determined that default judgment is appropriate, the Court must determine the damages to be awarded:

> Generally, damages may be awarded without a hearing if they are for a liquidated amount.  However, a plaintiff must also establish that the amount is reasonable under the circumstances.  For damages, the

>Court can take evidence when necessary, or compute them from the facts of record.

Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004); see also Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266-67 (11th Cir. 2003).  Here, Plaintiffs seek the minimum statutory damages of $750 per infringed work for each of the seventeen (17) sound recordings listed in Exhibit A to their initial Application for Entry of Default Judgment, as well as litigation costs in the amount of $195.00.  These categories of damages are expressly authorized under the Copyright Act.  See 17 U.S.C. § 504(c)(1) ("[T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just."); 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.").  Plaintiffs also seek an injunction under Section 502 of the Copyright Act, alleging that Defendant's conduct is causing irreparable injury that cannot fully be compensated or measured in money, and that they will continue to suffer such injury unless the

Court enjoins Defendant from continuing to infringe Plaintiffs' copyrights.  See 17 U.S.C. § 502(a) ("Any court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant . . . final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.").

Having reviewed the arguments and evidence offered in support of Plaintiffs' Renewed Application for Entry of Default Judgment, as well as the other materials of record in this matter, the Court finds Plaintiffs are entitled to the damages and injunctive relief requested.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Renewed Application for Entry of Default Judgment [12] is **GRANTED**.  The Clerk of Court shall enter the attached Default Judgment and Permanent Injunction against Defendant.

**SO ORDERED**, this 30th day of January, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BMG MUSIC, et al.,** | |
| **Plaintiffs,** | |
| v. | 1:04-cv-2741-WSD |
| **HEATHER BROWN,** | |
| **Defendant.** | |

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION

For the reasons set out in the Court's January 30, 2006 Order, it is hereby Ordered and Adjudged that:

Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to Plaintiffs' Application for Entry of Default Judgment, in the total principal sum of $12,750.00.

Defendant shall further pay Plaintiffs' costs of suit herein in the amount of $195.00.

Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Break Ya Neck," on album "Genesis," by artist "Busta Rhymes" (SR# 312-547);

- "You Rock My World," on album "Invincible," by artist "Michael Jackson" (SR# 304-780);

- "Put Your Hands Where My Eyes Could See," on album "When Disaster Strikes," by artist "Busta Rhymes" (SR# 258-724);

- "Wanna Be Starting Somethin'," on album "Thriller," by artist "Michael Jackson" (SR# 41-965);

- "Stranger In My House," on album "A Nu Day," by artist "Tamia" (SR# 293-084);

- "Move Bitch," on album "Word of Mouf," by artist "Ludacris" (SR# 304-605);

- "Untitled (How Does It Feel)," on album "Voodoo," by artist "D'Angelo" (SR# 280-480);

- "How Will I Know," on album "Whitney Houston," by artist "Whitney Houston" (SR# 60-716);

- "Red Light Special," on album "CrazySexyCool," by artist "TLC" (SR# 198-743);

- "Any Time Any Place," on album "Janet," by artist "Janet Jackson" (SR# 174-392);

- "Material Girl," on album "Like A Virgin," by artist "Madonna" (SR# 59-442);

- "Get Along With You," on album "Kaleidoscope," by artist "Kelis" (SR# 277-087);

- "There She Goes," on album "Face2Face," by artist "Babyface" (SR# 305-629);

- "Can We," on album "Release Some Tension," by artist "SWV" (SR# 249-300);

- "Crawling," on album "Hybrid Theory," by artist "Linkin Park" (SR# 288-402);

- "Barbie Girl," on album "Aquarium," by artist "Aqua" (SR# 243-903);

- "Party Up," on album ". . . And Then There Was X," by artist "DMX" (SR# 279-017);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record

label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

**SO ORDERED**, this 30th day of January, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE